IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATHANIEL HOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>LAZER SPOT, INC.,<br><br>    Defendant. | JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, Nathaniel Howell ("Plaintiff"), by and through undersigned counsel, and hereby files this Complaint for Damages against Defendant, Lazer Spot, Inc. ("Defendant") as follows:

**INTRODUCTION**

1.

During its employment of Plaintiff, Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA"), by misclassifying Plaintiff as an exempt employee and failing to pay Plaintiff overtime compensation for hours worked in excess of 40 hours per week.

2.

As a result of Defendant's FLSA violations, Plaintiff initiates this suit to recover unpaid regular wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

## **JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

4.

Venue is proper in the U.S. District Court for the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1391(b)(1)-(2), and Defendant is subject to this Court's personal jurisdiction, because Defendant resides in this district and the acts giving rise to Plaintiff's Complaint occurred within this District.

## **PARTIES**

5.

Defendant Lazer Spot, Inc. ("Defendant") is a corporation organized under the laws of Georgia, with a principal office address of 6525 Shiloh Road, Suite 900, Alpharetta, Georgia 30005. Defendant may be served through its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

6.

2

At all times material hereto, Defendant was an "employer" of Plaintiff for purposes of the FLSA.

7.

Plaintiff, Nathaniel Howell is an individual and a Georgia resident. Plaintiff worked for Defendant within the three-year period immediately preceding the filing of this Complaint and was an "employee" of Defendant for purposes of the FLSA.

8.

At all times material hereto, Plaintiff handled, sold, and/or worked on goods or materials that have been moved in or produced for commerce, and Plaintiff was thus engaged in commerce during his employment with Defendant.

9.

At all times material hereto, Defendant had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. Defendant's annual gross volume of sales made or business done was at least $500,000.00 during the last three years of Plaintiffs' employment. Thus, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

10.

Plaintiff has satisfied all conditions precedent, if there be any, as to the claims set forth, herein.

## FACTUAL ALLEGATIONS

11.

Plaintiff worked for Defendant as a "spotter driver" (also known as a "yard jockey" or "yard hostler") within the three-year period preceding the filing of this Suit.

12.

As a spotter, Plaintiff worked at 1 or more distribution facilities. As a spotter driver, Plaintiff used a specialized spotter truck to move (or "spot") freight trailers within property owned and/or controlled by one or more clients of Lazer Spot.

13.

Plaintiff never drove over public roadways or interstate highways, nor was Plaintiff reasonably expected to make interstate deliveries, transports, or journeys of any kind. Rather, Plaintiff performed all duties on private property at his assigned distribution facility or facilities.

14.

In fact, Plaintiff did not have a Commercial Driver's License ("CDL").

15.

Plaintiff's duties did not include the performance of safety-affecting activities on any motor vehicles used in transportation on public highways in interstate commerce. Any safety-affecting activities Plaintiff did perform had no substantial

direct effect on the safety of operation of any motor vehicles and/or were so trivial, casual, and insignificant as to be de minimis.

16.

At all relevant times, Plaintiff was a non-exempt employee for purposes of the FLSA and was thus entitled to overtime compensation for all hours worked in excess of 40 hours per week.

17.

Defendant misclassified Plaintiff as an exempt employee and paid Plaintiff the same hourly rate regardless of the number of hours Plaintiff worked each week.

18.

During his employment with Defendant, Plaintiff routinely worked over 40 hours per week.

19.

Although Defendant was aware of the fact that Plaintiff regularly worked in excess of 40 hours per week, Defendant failed to pay Plaintiff overtime compensation during any week of his employment.

20.

Thus, Defendant knowingly suffered or permitted Plaintiff to work more than 40 hours per week without compensating Plaintiff at the required overtime rate.

21.

By unjustifiably failing or refusing to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours in a workweek, Defendant willfully violated the FLSA and/or recklessly disregarded its obligations under the FLSA.

22.

As a result of Defendant's willful failure to pay Plaintiff overtime compensation, Plaintiff has had to retain counsel to recover the unpaid wages due to him.

23.

Defendant, its inside counsel and its outside counsel have litigated multiple other cases involving the very same FLSA issues, including exemption issues, as those presented in this case. Thus, Defendant is expert and knowledgeable in the subject issues and knew and knows that it was obligated to pay Plaintiff at an overtime rate (1.5 times Plaintiff's regular rate of pay) for all hours Plaintiff worked in excess of 40 hours in a workweek.

24.

The FLSA liquidated damages provision and the threat of having to pay attorneys' fees and costs Plaintiff must incur to collect the pay he has earned have been inadequate to motivate Lazer Spot to pay Plaintiff, as required by law. The

foregoing consequences have, in fact, been inadequate to convince Lazer Spot to comply with the FLSA. More leverage is, apparently, required.

25.

By deliberately, intentionally, and maliciously misleading Plaintiff, as set forth, above, Lazer Spot did, interfere with Plaintiff's federally protected FLSA rights.

### COUNT I:  FLSA VIOLATION (OVERTIME COMPENSATION)

26.

Plaintiff realleges and incorporates Paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

27.

At all times relevant hereto, Plaintiff was a non-exempt employee entitled to overtime compensation for purposes of the FLSA.

28.

During its employment of Plaintiff, Defendant paid Plaintiff straight time for all hours recorded as worked, and Defendant failed to pay Plaintiff overtime compensation for hours worked by Plaintiff in excess of 40 hours per week.

29.

By failing to pay Plaintiff overtime compensation in accordance with § 207 of the FLSA, despite knowledge of Plaintiff's status as a non-exempt employee,

Defendant willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

30.

As a result of Defendant's willful violations of the FLSA's overtime provisions, Plaintiff is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to § 216 of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nathaniel Howell prays:

(a) For a trial by jury of twelve on all counts so triable;

(b) For entry of a judgment in favor of Plaintiff and against Defendant for all damages and relief allowed by law, including but not limited to actual damages, punitive damages, liquidated damages, pre-judgment interest, and post-judgment interest;

(c) That the Court grant Plaintiff such other and further relief as deemed just and proper.

Respectfully submitted this 22nd day of November, 2021.

                                                **COHAN LAW GROUP, LLC**

                                                */S/ Louis R. Cohan*
                                                LOUIS R. COHAN

                                                Georgia Bar No. 173357
                                                Emily A. Cohan
                                                Georgia Bar No. 402863
                                                3340 Peachtree Rd. NE,
                                                Tower Place 100, Suite 2570
                                                Atlanta, Georgia 30326
                                                (404) 891-1770 (telephone)
                                                (404) 891-5094 (facsimile)
                                                lcohan@cohanlawgroup.com
                                                *Counsel for Plaintiff*