# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made by and between, on the one hand, LAZER SPOT, INC., on behalf of itself and its respective officers, employees, agents, directors, representatives, successors, assigns, affiliates, subsidiaries, parents, owners, and shareholders ("Lazer Spot") and, on the other hand, NATHANIEL HOWELL, on behalf of himself and his respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Howell").

## RECITALS

WHEREAS, a dispute exists between Howell and Lazer Spot (the "Parties") arising out of or generally relating to Howell's employment with Lazer Spot;

WHEREAS, on November 22, 2021, Howell filed a lawsuit against Lazer Spot in the U.S. District Court for the Northern District of Georgia, entitled *Nathaniel Howell v. Lazer Spot, Inc.*, Case No. 1:21-cv-04814-ELR (the "Lawsuit"), asserting a violation of the Fair Labor Standards Act;

WHEREAS, Lazer Spot adamantly denies any wrongdoing with respect to Howell and maintains, among other things, that Howell was properly compensated under the FLSA and any applicable state wage and hour laws;

WHEREAS, the Parties mutually desire to resolve their dispute and avoid the significant time and expense associated with litigation of Howell's Lawsuit;

WHEREAS, in order to resolve all disputes and differences between the Parties, and to avoid the time and expense of continued litigation, the Parties are entering into this Agreement;

NOW, THEREFORE, in consideration of the promises contained herein, the Parties agree as follows

## AGREEMENT

1. **No Admission of Liability.** The Parties are entering into this Agreement for the sole purpose of avoiding the time and expense associated with litigation. This Agreement should not and will not be construed as an admission of liability or wrongdoing by any party.

2. **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Howell in this Agreement, Lazer Spot agrees to pay to Howell the total amount of TWENTY SIX THOUSAND DOLLARS ($26,000.00). The settlement amounts ("Settlement Payments") shall be provided as follows:

   a. One check for TEN THOUSAND NINE HUNDRED FORTY TWO DOLLARS AND ZERO CENTS ($10,942.00) made payable to Howell's attorneys, Louis Cohan and Emily Cohan, Cohan Law Group, LLC, representing amounts due in attorney's fees ($10,400.00) and cost

1

        reimbursement ($542.00) by Howell to Cohan Law Group, LLC. Lazer Spot will issue IRS Forms 1099 to Howell and Cohan Law Group, LLC in connection with this payment;

   b.    One check for SEVEN THOUSAND FIVE HUNDRED TWENTY NINE DOLLARS ($7,529.00) as payment for Howell's alleged unpaid overtime wages, made payable to Howell. Applicable statutory deductions, including federal income taxes and Social Security taxes, only in the amounts required by law, shall be withheld by Lazer Spot from this sum. Lazer Spot shall issue a Form W-2 to Howell in connection with this payment; and

   c.    One check for SEVEN THOUSAND FIVE HUNDRED TWENTY NINE DOLLARS ($7,529.00) as payment for Howell's alleged liquidated damages and/or interest on back wages, made payable to Howell. Lazer Spot shall issue a Form 1099 to Howell in connection with this payment.

3.   **Timing of Payment.** Time being of the essence as to delivery of the consideration referenced in Paragraph 2, Lazer Spot shall cause the consideration referenced in Paragraph 2 to be delivered to Howell's counsel so that the consideration is actually received by Howell's counsel within ten (10) days after completion of the following events: (i) Howell signs this agreement; (ii) the revocation period provided in the Agreement lapses; (iii) the parties file the Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice with the Court ("Joint Motion"); (iv) the Court approves this Agreement and administratively closes the Lawsuit as provided in the Joint Motion; and (v) Lazer Spot receives completed Forms W-9 from Howell and his counsel, and receives a completed Form W-4 from Howell.

4.   **General Waiver and Release by Howell.** In exchange for and upon timely receipt of the payments set forth above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Howell fully and completely waives, releases, and forever discharges Lazer Spot, and each of its predecessors; successors; all former, current, and future related companies, divisions, subsidiaries, affiliates, and parents; and collectively, its respective former, current, and future directors, officers, members, employees, agents, and representatives (collectively, the "Released Parties"), from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Howell may have against any or all of the Released Parties arising out of his employment with Lazer Spot, the termination of his employment with Lazer Spot, and/or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected, or concealed, and whether presently asserted or otherwise. Howell fully and completely waives, releases, and forever discharges the Released Parties from all other claims including, but not limited to, all claims that the Released Parties:

   a.    failed to provide Howell with any minimum wage or overtime compensation, retaliated against him, or in any other way violated the Fair

Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 et seq., or any applicable state law;

b. violated public policy, common law, or statutory law (including, but not limited to, claims for breach of contract; unjust enrichment; unpaid wages; intentional or tortious interference with contract or business relations; fraud; misrepresentation; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; personal injury; defamation; libel; slander; negligence; negligent hiring, retention, or supervision; invasion of privacy; conspiracy; intentional or negligent infliction of emotional distress and/or mental anguish; or loss of consortium);

c. violated Lazer Spot's personnel policies, procedures, or handbooks, any covenant of good faith and fair dealing, or any purported contract of employment, express or implied, between Howell and Lazer Spot;

d. failed to provide Howell with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded, and/or paid, in whole or in part, by Lazer Spot, violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Howell for the purpose of preventing him from obtaining benefits pursuant to the terms of any such plan, or in any way violated any provision of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 et seq.; or

e. retaliated against or discriminated against Howell on the basis of age, race, color, national origin, ancestry, sex (including sexual harassment), religion, disability, handicap, gender identity, sexual orientation, marital status, parental status, source of income, or any other basis in violation of any applicable city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; the Equal Pay Act, 29 U.S.C. § 206(d); and the Sarbanes-Oxley Act of 2002.

5. **Release of Unknown Claims.** For the purpose of implementing a full and complete release, Howell expressly acknowledges that the release he gives in this Agreement is intended to include in its effect, without limitation, claims that he did not know or suspect to exist at the time of execution hereof, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the

consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any such unknown claims.

6. **Release by Lazer Spot.** Upon dismissal of the Lawsuit with prejudice, Lazer Spot fully, finally and forever, releases, acquits and discharges Howell of and from any and all claims, suits, debts, obligations, and liabilities of any kind or nature, whatsoever, known or unknown, express or implied, at law or in equity, and all from the beginning of time to the date of this Agreement.

7. **Rights And Claims Excluded From Waiver And Release.** This Agreement does not waive any rights that cannot be waived by law. Howell is waiving, however, any right to recover money in connection with any agency charge or investigation pertaining to his employment period(s) with Lazer Spot. Howell is also waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal government agency pertaining to his employment period with Lazer Spot.

8. **Employment Relationship between the Parties.** Howell agrees to relinquish any and all rights to employment with the Released Parties and to never knowingly seek or accept rehire or employment, either directly, through a temporary agency, or by any other method, with the Released Parties. Howell agrees that the Released Parties shall have no obligation to engage his services in any capacity (*e.g.*, employee, contractor, temporary employee, or consultant) in the future and that any application or request for employment or work on a contract basis legitimately and lawfully may be denied solely based on Howell's breach of this provision of the Agreement. Howell further agrees that, because of circumstances unique to him, he is not qualified for employment or work on any basis with the Released Parties now or in the future. Howell agrees that if, at any time, he works for any of the Released Parties without first obtaining a written waiver of this provision by an executive officer of Lazer Spot, he will immediately resign employment with such Released Party when asked to do so by Lazer Spot. Howell agrees never to sue or file a charge against any of the Released Parties for refusal to rehire and/or employ him and agrees to pay the associated attorneys' fees and costs incurred by any such Released Party that is required to defend a claim or charge based on its refusal to rehire Howell.

9. **Consideration of Agreement.** The Parties represent and warrant that they have been encouraged to seek advice from anyone of their choosing, including their attorneys, accountant, or tax advisor prior to signing this Agreement; that this Agreement represents written notice that they do so; that they have been given the opportunity and sufficient time to seek such advice; that they have obtained advice from their counsel about the terms of this Agreement; that they have carefully read and fully understand all of the provisions of this Agreement; and that they are voluntarily entering into this Agreement. Howell understands that he may take up to twenty-one (21) days to consider whether or not he desires to enter into this Agreement. Howell further represents and warrants that he was not coerced, threatened, or otherwise forced to sign this Agreement, and that his signature appearing hereinafter is genuine.

10. **Revocation Period.** Howell understands and acknowledges that he has seven (7) days after his acceptance and execution of this Agreement to revoke this Agreement. Should Howell choose to revoke his acceptance and execution of this Agreement within that period, he must submit such revocation in writing to his counsel, prior to the expiration of the seven (7) day period. Should Howell revoke this Agreement, his counsel shall notify Lazer Spot's counsel of

the revocation prior to the expiration of the seven-day period. After such seven-day period, this Agreement will be irrevocable.

11. **Additional Agreements by Howell.** Howell also acknowledges and agrees that:

    a.  Upon receipt of the settlement payments, Howell has now been properly paid by Lazer Spot for all hours worked, including all hours worked in excess of forty (40) hours per week (and any liquidated damages stemming from any wage claim), in compliance with state and federal law; and

    b.  Howell is waiving his right to participate in any class or collective action against Lazer Spot;

12. **Knowing and Voluntary Waiver.** The Parties acknowledge and agree that they are and have been represented by legal counsel throughout the dispute, and that they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

13. **Mutual Nondisparagement.** The Parties agree that they will not make any statements, either oral or written, or take any other actions that disparage or reflect negatively on Howell, Lazer Spot, or any of the Released Parties, except as required by court order or otherwise by law.

14. **Neutral Reference.** Except as required by applicable state and federal law, such as 49 C.F.R. § 391.23, Lazer Spot agrees to provide any inquiring current or future prospective employer of Howell only with information regarding: (a) Howell's dates of employment; (b) the last position held by Howell; and (c) Howell's final rate of pay. Howell agrees to direct any such inquiries to the Vice President of Human Resources and General Counsel of Lazer Spot, Inc., Rhonda Wilcox, at (678) 771-2617. Lazer Spot informed certain Lazer Spot managers and executives of the Lawsuit. To ensure that Howell is protected from retaliation for having enforced his federally protected rights, Lazer Spot shall instruct these managers and executives, including Rhonda Wilcox, that other than if and as legally required or necessitated for genuine and legitimate business reasons, they are prohibited from disclosing the subject of the Lawsuit and/or the disposition of the Lawsuit.

15. **Nonassistance.** Howell agrees that he shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Lazer Spot, except as required by court order or otherwise by law.

16. **Miscellaneous.**

    a.  **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

5

b.  **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver or release listed in Section 4 and/or 5 above is deemed illegal, invalid, or unenforceable, in whole or in part, the Agreement shall be null and void.

c.  **Entire Agreement.** Except as provided herein, this Agreement constitutes the entire agreement of the Parties concerning the subjects addressed in this Agreement. This Agreement may not be changed or altered, except in writing, signed by all Parties.

d.  **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

e.  **Counterparts.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed a single instrument.

f.  **Facsimile/Email Signatures.** Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

g.  **Corporate Signatories.** Each person executing this Agreement, including execution on behalf of Lazer Spot, warrants and represents that such person has the authority to do so.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

**NATHANIEL HOWELL**

*Nathaniel Howell*
_____

Date: **1/25/2022**
_____

**LAZER SPOT, INC.**

By: _Rhonda Wilcox McCurtain_

Title: _VP and General Counsel_

Date: _1.31.22_